ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. BAGETTA,

    Plaintiff,

v.

CASE NO. 2:07-10588
HONORABLE BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO, et., al.,

    Defendants,
_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Robert M. Bagetta, ("plaintiff"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff seeks monetary damages and declaratory and injunctive against the defendants, the director of the Michigan Department of Corrections and members of the Michigan Parole Board, for allegedly wrongfully denying him parole. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, plaintiff is incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, which is located in the Western District of Michigan. All of the defendants named in the complaint reside in the Western District of Michigan. The Michigan Parole Board's office is in Lansing, Michigan, which is also located in the Western District. Venue is in the judicial district where either all defendants reside or where the

1


FILED
MAR 13 2007
CLERK'S OFFICE
DETROIT

claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Plaintiff is currently incarcerated in the Western District of Michigan and the defendants also reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia*, 267 F. Supp. 2d 15, 20-21 (D.D.C.

2

2003)(quoting *Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)). In this case, plaintiff's action challenging the procedures that are used to determine his parole eligibility will be transferred to the Western District of Michigan, in light of the difficulties of transferring plaintiff to this district, the easier availability of witnesses and files to prosecute plaintiff's parole eligibility claims in the Western District of Michigan, and the speedier resolution of plaintiff's claims in that district. *See Crew v. U.S. Parole Bd.*, 424 F. Supp. 411, 413 (E.D. Pa. 1976).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 3/13/07

3